# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1882V

|  |  |
|---|---|
| KELLY JOYCE, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 12, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON DAMAGES[1]

On December 16, 2020, Kelly Joyce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 8, 2019. Petition at 1, ¶¶ 4, 38-39. On May 3, 2022, I issued a ruling on entitlement, finding Petitioner entitled to compensation. Because the parties could not informally resolve the issue of damages, I allowed the retention of vocational experts,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ordered the parties to file briefs setting forth their respective arguments, and held a damages hearing on September 11, 2023.

Petitioner seeks $225,000.00 for past pain and suffering, $2,500 per year for the remainder of her life for future pain and suffering, $2,864.22 for past unreimbursed expenses, and an undetermined amount for past and future lost wages. Respondent recommends an award of $165,000.00 for past pain and suffering. Regarding the other types of compensation sought by Petitioner, he maintains there is insufficient evidence to support the amounts claimed.

After listening to the testimony provided by Petitioner, her spouse, and the parties' vocational experts, I issued an oral ruling on the compensation to be awarded for Petitioner's past and future pain and suffering and past unreimbursable expenses. I also provided guidance related to past and future lost wages and set deadlines for expert reports from the parties' economists. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, I find that **$215,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering and $1,000.00 per year for life - reduced to net present value[3], represents a fair and appropriate amount of compensation for Petitioner's projected pain and suffering.** I also find that Petitioner is entitled to **$2,864.22 in actual unreimbursable expenses.**

**Petitioner shall file her economist's expert report, briefing, and additional evidence regarding actual and projected lost wages by no later than <u>Monday, October 02, 2023</u>. Respondent shall file his economist's expert report and briefing regarding actual and projected lost wages by no later than <u>Monday, October 31, 2022</u>.** Because the $250,000.00 statutory cap should be applied prior to the reduction of Petitioner's projected pain and suffering award to net present value,[4] **the parties should provide proposed amounts for this compensation, including the discount rate applied.**

---

[3] Under the Vaccine Act, compensation payments are based upon the net present value of any award. Section 15(f)(4)(A).

[4] *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)) (discussing the application of the requirements of Section 15(a)(4) and Section 15(f)(4)(A)).

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master