# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1882V

| | |
|---|---|
| KELLY JOYCE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 13, 2024 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 16, 2020, Kelly Joyce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration, a defined Table injury known as SIRVA or, in the alternative a causation-in-fact claim, after receiving an influenza vaccine on November 8, 2019. Petition at 1, ¶¶ 4, 38-40. On February 20, 2024, I issued a Decision awarding compensation to Petitioner, following briefing before and after a Damages Hearing on September 11, 2023, and ruling

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

on the pain and suffering and unreimbursed expenses damages components. ECF No. 90; see ECF No. 33 (ruling).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $137,200.02 (representing $117,097.70 for attorney's fees, $18,652.48 for attorney's costs, and $1,449.84 in Petitioner's out-of-pocket costs). Petitioner's Application for Attorneys' Fees and Costs filed Mar. 3, 2024, ECF Nos. 94 and 94-3. Respondent reacted to the Motion on March 3, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs have been met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 95. Petitioner did not file a reply thereafter.

Having reviewed of the billing records submitted with Petitioner's requests, I find a reduction in the amount of costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The requested hourly rates for work performed through the end of 2023 in this matter are reasonable and consistent with what has previously been awarded and will therefore be adopted herein. ECF No. 94 at 2-3; ECF No. 94-1 at 1-40. And Mr. Zgheib properly billed time spent performing tasks that are typically performed by a paralegal using a lower rate. *See,* e.g., ECF No. 94-1 at 3 (second entry dated 6/8/22). Petitioner has also requested 2024 hourly rates as follows: $400 for work performed Jimmy Zgheib and AnnMarie Sayad - representing rate increases of $40 for each attorney. I find these hourly rates to be reasonable, and will award the attorney's fees requested. ECF No. 94-1 at 39, 41.

However, the hourly rate of $200 requested for paralegal work performed in 2024 exceeds the Vaccine Program's published range for said year. **Accordingly, I hereby reduce the paralegal rate to $197 for 2024. I will nevertheless award the paralegal fees requested.**

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Status Report, filed Apr. 20, 2023, ECF No. 27; Petitioner's Brief in Support of Damages, filed May 31, 2023, ECF No. 28; Petitioner's Reply Brief in Support of Petitioner's Motion for Damages Brief, filed Aug. 15, 2023, ECF No. 34; Minute Entry, dated Mar. 18, 2024 (for March 15, 2024 expedited hearing). Petitioner's counsel expended approximately 26.7 hours drafting the damages brief and 10.8 hours drafting the responsive damages brief, 37.5 totaling hours. ECF No. 94-1 at 30-31, 33-35. Although higher than the amount of time usually required, given the complicated issues involved and great amounts of the lost wages and pain and suffering components, I still find this amount of time to be reasonable and will award the attorney's fees requested.

## ATTORNEY COSTS

Petitioner requests a total of $18,652.48 in attorney's costs incurred. ECF No. 94-2 at 1-72. This amount is comprised of obtaining medical records, postage costs, expert fees, the Court's filing fee, travel costs and meal expenses. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $616.08 in

3

requested costs incurred for an extravagant meal which I hereby find excessive.[3]

It is important to evaluate the reasonableness of the requested litigation costs, as petitioners are not given a "'blank check to incur expenses' to be paid by the Vaccine Trust Fund." *See Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *7 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd*, 106 Fed. Cl. 600 (Dec. 10, 2009), *aff'd*, 406 Fed. Appx. 479 (Jan. 4, 2011) (citing *Perreira*, 27 Fed. Cl. at 34). Excessive, unsupported, or undocumented costs, including (but not limited to) upgraded methods of transportation, costly hotels, extravagant meals, alcohol, and expenditures unrelated to the Vaccine Act proceedings, are unreasonable and should not be borne by the Vaccine Program. *See, e.g., Van Vessem v. HHS*, No. 11-132V, 2018 WL 3989517, at *9-11 (Fed. Cl. Spec. Mstr. July 3, 2018); *McMurty v. HHS*, No. 15-405V, 2018 WL 5276700, at *5 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) *Mostovoy v. HHS*, No. 02-10V, 2016 WL 720969, at *15-17 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *see also Riggins*, 2009 WL 3319818, at *12-14. Thus, I disallow reimbursement for the excessive meal charge. **This reduces the amount of costs to be awarded herein by $616.08.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $136,583.94[4] as follows:**

- **A lump sum of $135,134.10, representing ($117,097.70 in fees plus $18,036.40 in costs), in the form of a check payable jointly to Petitioner and Petitioner's counsel, Jimmy A. Zgheib; and**

- **A lump sum of $1,449.84, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] The excessive expenditures that is not reimbursable: Extravagant dining cost incurred on 9/10/23: Joe's seafood, Prime Steak & Stone Crab for four people, totaling $616.08. ECF No. 94-2 at 3.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

4

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.